577 F.2d 554
 UNITED STATES of America, Plaintiff-Appellee,
v.
Leonard Anthony SOLARIO, Defendant-Appellant.
 No. 77-3605.
 United States Court of Appeals,
Ninth Circuit.
 June 23, 1978.
 
 E. Richard Walker, Federal Defender, Sacramento, Cal., for defendant-appellant.
 Thomas T. Couris, Asst. U. S. Atty., Sacramento, Cal., for plaintiff-appellee.
 Appeal from the United States District Court for the Eastern District of California.
 Before DUNIWAY, WRIGHT and CHOY, Circuit Judges.
 CHOY, Circuit Judge:
 
 
 1
 Leonard Solario appeals from his conviction for violation of 26 U.S.C. § 5861(d), receiving or possessing a firearm not registered to him in the National Firearms Registration and Transfer Record. We reverse.
 
 
 2
 * On May 17, 1977, four search warrants were issued to recover a revolver alleged to be in the possession of appellant's brother, George Solario. The warrants authorized the search of George Solario himself, his truck, his residence and the home of his parents (the Solario home). The warrants were based upon an affidavit in which the affiant, a special agent of the United States Treasury Department, said that a reliable informant had told him that he had:
 
 
 3
 1. Seen George Solario with a blue steel revolver with white plastic or pearl grips between May 7 and May 16, 1977;
 
 
 4
 2. Heard George say at that time that he had several handguns;3. Seen George with a handgun at the Solario home on three separate occasions in 1976; and
 
 
 5
 4. Made over forty purchases of narcotics from George during the previous two years, twenty of them being consummated at the Solario home, the last purchase occurring one to two months prior to the date of the affidavit.
 
 
 6
 In executing the warrant to search the Solario home, the officers discovered a short-barrelled, semi-automatic rifle. Upon questioning by the officers, Leonard Solario, who was visiting the Solario home at the time, admitted that he owned the rifle. The weapon was unregistered. Leonard moved to suppress the weapon as illegally-seized evidence, claiming that no probable cause had existed for the issuance of the warrant that there was insufficient evidence for the magistrate to believe George Solario's gun would be found in the Solario home. The district court denied Leonard's motion to suppress and he was found guilty of possessing an unregistered firearm. This appeal followed.[1]
 
 II
 
 7
 In determining probable cause " '(t)he magistrate is not required to determine whether in fact the items to be searched for are located at the premises to be searched, but only whether there is reasonable ground to believe (that) they are there.' " United States v. Bowers, 534 F.2d 186, 192 (9th Cir.), cert. denied, 429 U.S. 942, 97 S.Ct. 360, 50 L.Ed.2d 311 (1976) quoting United States v. Damitz, 495 F.2d 50, 55 (9th Cir. 1974) (emphasis original); see United States v. Moreno, 569 F.2d 1049, 1053 (9th Cir. 1978). Moreover, the magistrate's determination that probable cause existed should be given great deference. Spinelli v. United States, 393 U.S. 410, 419, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); United States v. Tupler, 564 F.2d 1294, 1298 (9th Cir. 1977); Bowers, 534 F.2d at 188-90. In determining whether an affidavit is sufficient to support a warrant, we look only to the information on the face of the document, United States v. Sherwin, 572 F.2d 196, 198 (9th Cir. 1977), interpreting it in a "common-sense and realistic fashion." United States v. Ventresca, 380 U.S. 102, 108, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); Bowers, 534 F.2d at 192 n. 5. Here the informant merely stated that he had seen George with a handgun at the Solario home on three separate occasions in 1976. Standing alone, this information is not sufficient to support a reasonable belief that a gun was presently there. Moreover, where some period of time has elapsed since the occurrence of the event detailed in the affidavit, the likelihood that the object will be moved, as well as the length of time since the event occurred, will determine whether probable cause exists. The information provided by the informant in this case was at least four and one-half and possibly as much as sixteen and one-half months old. The handguns observed at that time were in George's personal possession. There was no reason to believe that the gun remained in the Solario home after George left. This information alone is thus too stale to support a finding of probable cause.
 
 
 8
 We must, of course, look to the entire affidavit in determining the existence of probable cause. Spinelli, 393 U.S. at 415, 89 S.Ct. 584. Considering the sightings in the Solario home together with the other information in the affidavit, however, we conclude that the affidavit considered as a whole is still insufficient.
 
 
 9
 That George Solario was also seen with a handgun between May 7 and May 16, 1977, is relevant to our inquiry. But, assuming this information provides probable cause to search George personally, it does not provide the basis for an inference that the weapon would be found at the Solario home, since there was no indication that it had been or would be kept there. In addition, the affidavit provided neither an indication that George visited the Solario home regularly nor any other basis from which a magistrate could infer that the handgun might be kept at the Solario home.
 
 
 10
 The affidavit also stated that the informant had heard George say that he owned several handguns. That George might have possessed numerous handguns does not support the inference that any of these weapons were kept at the Solario home. More likely, they would be kept at George's own home or on his person.
 
 
 11
 Finally, the affidavit alleges that the informant made many purchases of narcotics from George. The Government contends that it is reasonable to infer from that information that George secreted guns at the home of his parents. We disagree. The fact that George was dealing in narcotics would not provide ground for a reasonable belief that a handgun would be found in the Solario home.
 
 
 12
 The information contained in the affidavit is thus insufficient to cure the staleness of the primary information. There was no probable cause to search the Solario home and the warrant authorizing that search was invalid. Therefore, the search of the Solario home was illegal, and the rifle should have been suppressed as the product of an illegal search.[2] Since Leonard's conviction was based solely on this evidence, the judgment of the district court is
 
 
 13
 REVERSED.
 
 
 
 [1]
 Leonard contests the validity of the warrant to search the Solario home. It is undisputed that Leonard has standing to make such a challenge. See United States v. Prueitt, 540 F.2d 995, 1004-05 (9th Cir. 1976), cert. denied, 429 U.S. 1063, 97 S.Ct. 790, 50 L.Ed.2d 780 (1977). Whether there was probable cause for the other three warrants is irrelevant to our decision here
 
 
 [2]
 Appellant also argues that it was error for the magistrate to have issued four warrants to search for a single handgun. In view of our result, we do not reach this multiple search warrants contention